■ Manufacturers and Traders Trust Co., Respondent-Appellant, v Miner Homes, Inc., et al., Appellants-Respondents.—Judgment unanimously modified in accordance with memorandum and, as modified, together with the orders appealed from, affirmed, with costs to defendant Zipkin.

Memorandum: In April, 1970 Miner Trailer Park, Inc. (Miner Trailer Park), conveyed two parcels in Genesee County (Parcels I and II) to Prestige Acres of Batavia, Inc. (Prestige Acres). Miner Trailer Park took back a purchase-money mortgage covering the two parcels in the amount of $400,800. On July 29, 1971 plaintiff Manufacturers and Traders Trust Co. (M&T) loaned $475,000 to Prestige Acres and took back a mortgage covering Parcels I and II along with a parcel in Monroe County owned by Prestige Acres. At the time of M&T's loan, Miner Trailer Park agreed to subordinate its purchase-money mortgage to the M&T mortgage. Prestige Acres subsequently purchased from Phillip Zipkin a parcel adjacent to Parcel I. On September 16, 1971, Prestige Acres executed two mortgages covering the Zipkin Parcel: a mortgage to M&T in the amount of $40,000 as additional security for the $475,000 loan of July 29, 1971; and a mortgage to Zipkin in the amount of $45,000 which was expressly subordinated to M&T's $40,000 mortgage. On November 30, 1972 M&T made an additional loan to Prestige Acres of $125,000, securing the loan by a mortgage on Parcels I and II, the Zipkin Parcel, the Monroe County Parcel, and two parcels in Ontario County. On November 2, 1973 Prestige Acres executed another mortgage in the amount of $130,000, securing present as well as future loans made by M&T; this mortgage covered all of the previously mentioned parcels in Genesee, Monroe and Ontario Counties. Upon Prestige Acres' default on its obligations to M&T and Miner Trailer Park and, as a result of negotiations between M&T, Kenneth Miner (a 50% shareholder in Miner Trailer Park) and Prestige Acres, Miner Trailer Park purchased Parcels I and II and the Zipkin Parcel from Prestige Acres. At the closing held on April 11, 1974, Prestige Acres entered into an agreement with M&T under which the four M&T mortgages were consolidated into a single mortgage covering Parcels I and II and the Zipkin Parcel, securing a total indebtedness of $665,000. Miner Trailer Park assumed the consolidated mortgage and agreed to subordinate its original purchase-money mortgage of April 20, 1970 (on Parcels I and II) to the consolidated M&T mortgage. M&T released from its mortgages the Monroe County and Ontario County Parcels. The Monroe County Parcel was sold by Prestige Acres on April 15 for $50,000 over a prior mortgage held by another lender. Miner Trailer Park conveyed Parcels I and II and the Zipkin Parcel to Miner Homes, Inc., a corporation solely owned by Kenneth Miner, on April 3, 1975. M&T commenced an action for foreclosure on Parcels I and II and the Zipkin Parcel on December 8, 1975. At that time, approximately $150,000 in taxes was owing on these parcels. Following a trial, the court determined that Parcels I and II should be sold and the proceeds applied on the balance due under the M&T mortgage of July 29, 1971. If the sale proceeds were sufficient to satisfy this mortgage but insufficient to satisfy the entire balance of the consolidated M &T mortgage, then the Zipkin Parcel was to be sold "subject and subordinate to the rights of Zipkin under his mortgage dated September 16, 1971." If the sale proceeds from Parcels I and II were insufficient to satisfy the original M&T mortgage, then the Zipkin Parcel was to be sold free of the Zipkin mortgage, with the proceeds applied to the original M&T mortgage and the surplus deposited into court to be distributed to Zipkin and others. On his cross appeal Zipkin contends that the value of the Monroe County and Ontario County Parcels (over liens that were prior to the mortgages of M&T) should be deducted from the amount of indebtedness under M&T's mortgage covering Parcels I and II for the purpose of determining the rights between M&T and him. The basis for Zipkin's contention is that M&T's release of these parcels for no consideration jeopardized his mortgage on the

Zipkin Parcel because his mortgage was junior to the M&T mortgage securing Prestige Acres' original indebtedness to M&T and the Monroe County and Ontario County Parcels secured the same debt. M&T concedes that the consolidation of its mortgages did not affect the relative priorities of the parties. The court found that there was "no adequate evidence regarding the actual practical value of any equity lost as a result of the release of plaintiff's equities" in the Monroe County and Ontario County Parcels. The record clearly shows, however, that M&T's release of the Monroe County Parcel resulted in a loss of equity of $50,000 and that Zipkin's mortgage was prejudiced by this loss. Consequently, $50,000 should be deducted from the amount of the original M&T mortgage for the purpose of determining the respective rights of M&T and Zipkin in the Zipkin Parcel (see 38 NY Jur, Mortgages and Deeds of Trust, § 175; cf. *Diamond v Tau Holding Corp.,* 131 Misc 446). We do not believe, however, that the release of the Ontario County Parcel jeopardized Zipkin's mortgage inasmuch as M &T was granted its mortgage on these parcels after Zipkin's mortgage had been executed. We have examined the remaining contentions raised by Miner Trailer Park, Inc., Miner Homes and Kenneth Miner on their appeal and by M&T on its cross appeal, and we find them to be without merit for the reasons stated in the decision of County Court, Genesee County. (Appeals from judgment and orders of Genesee County Court—foreclosure action.) Present—Dillon, P. J., Schnepp, Callahan, Witmer and Moule, JJ.